UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MELISSIA C. MATKIN,

    Plaintiff,                                        Case No. 6:23-cv-00289

v.

FIRST CREDIT SERVICES, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff MELISSIA C. MATKIN ("Plaintiff"), by and through the undersigned, complains as to the conduct of FIRST CREDIT SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.* and the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §§ 1692

1

and 1681p, as well as 28 U.S.C. §§ 1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Middle District of Florida.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age and, at all times relevant, resided in Orlando, Florida, within the Middle District of Florida.

5. Defendant "is a BPO company and an omnichannel debt collection agency that specializes in First-Party and Third-Party collections . . ."[1] collecting debts from consumers across the country, including from those in the state of Florida. Defendant is a corporation organized and existing under the laws of New York with its principal place of business located at 9 Wills Way, Building 3, Piscataway, New Jersey 08854.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

---

[1] https://www.firstcreditonline.com/

7. The instant action arises out of Defendant's attempts to collect upon a purported consumer debt ("subject consumer debt") allegedly owed by Plaintiff to Crunch Bell Isle in the approximate amount of $276.00.

8. Upon information and belief, following Plaintiff's purported default on the subject consumer debt, the subject consumer debt was charged-off and placed with Defendant for collection purposes.

9. Sometime in 2022, Plaintiff noticed Defendant had placed the subject consumer debt on her credit report by incorrectly reporting the same to all three major credit bureaus, Experian, Equifax, and TransUnion. From the erroneous reporting of the subject consumer debt, Plaintiff was informed that Defendant was a debt collector attempting to collect upon the subject consumer debt.

10. Plaintiff disputed the subject consumer debt with Defendant, including in writing in or around July 28, 2022, where she informed Defendant that she had closed her account with Crunch Bell Isle with a "zero" balance.

11. Due to the erroneous information on Plaintiff's credit report, Plaintiff also contacted the three major credit bureaus and disputed the subject consumer debt.

12. Upon information and belief, SCS received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with TransUnion, Equifax, and Experian. *See* 15 U.S. Code §1681i(a)(2).

13. Plaintiff's disputes provided all the identifying and relevant information necessary for TransUnion, Equifax, and Experian to determine that Plaintiff had already paid the subject consumer debt.

14. The subject consumer debt was successfully removed by Experian and Equifax.

15. Despite having actual knowledge that Plaintiff was not obligated to pay the subject consumer debt and after receiving Plaintiff's disputes, Defendant continued to report the subject consumer debt to TransUnion as in collections and with a balance remaining.

16. The reporting of the subject consumer debt is patently inaccurate and materially misleading because Plaintiff had extinguished any and all obligation on the subject consumer debt prior to Defendant's reporting of the same.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

17. The erroneous reporting of the subject consumer debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject consumer debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations and is thus a high-risk consumer.

18. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain

financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

19. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, resources, and expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject consumer debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations, and is thus a high-risk consumer.

22. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, the loss of credit opportunity, decreased credit score, time tracking the status of her disputes, time monitoring her credit files, as well as mental and emotional pain and suffering, and violations of her federally-protected interests to be free from harassing, oppressive, and abusive debt collection conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

27. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arose out of transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692d, *et seq.*

28. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

29. Defendant violated 15 U.S.C. § 1692d, by attempting to collect a debt from Plaintiff that she did not owe. Plaintiff informed Defendant that the subject consumer debt was not hers, yet Defendant continued to report the subject consumer debt on Plaintiff's credit report as a part of its harassing collection campaign, in order to pressure payment from Plaintiff.

### b. Violations of FDCPA § 1692e, *et seq.*

30. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . ." 15 U.S.C. § 1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

32. Defendant violated §§ 1692e, 1692e(2)(A), and 1692e(10) when it deceptively continued to report the subject consumer debt on Plaintiff's credit report, which Plaintiff did not owe, and despite Plaintiff having disputed the same. Defendant falsely and deceptively represented its ability to continue to falsely report the subject consumer debt on Plaintiff's credit report as, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the subject consumer debt through undue and deceptive means.

33. Defendant further violated §§ 1692e, 1692e(2)(A), and 1692e(10) through its deceptive attempts to collect a debt from Plaintiff which she does not owe.

   c. **Violations of FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to report the subject consumer debt on Plaintiff's credit report, despite Plaintiff's disputes.

36. Defendant further violated § 1692f when it unfairly and unconscionably sought payment from Plaintiff after being informed that they were seeking payment for a debt that Plaintiff did not owe.

WHEREFORE, Plaintiff, MELISSIA C. MATKIN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

**COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

37. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

39. Defendant is a "person" as defined by 15 U.S.C. § 1681a(b).

40. Defendant is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

41. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

42. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Plaintiff, Experian, Equifax, and TransUnion.

43. Defendant's conduct demonstrates a reckless disregard for Plaintiff's rights under the FCRA.

44. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Plaintiff, pursuant to 15 U.S.C. § 1681i(a)(2).

45. Had Defendant reviewed the information provided by Plaintiff, it would have corrected the inaccurate designation of the subject consumer debt, and transmitted the correct information to TransUnion. Instead, Defendant wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

46. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with TransUnion.

47. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to TransUnion after being put on notice and discovering inaccurate and misleading reporting with respect to the subject consumer debt.

48. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's TransUnion credit file.

49. Defendant failed to conduct a reasonable investigation of its reporting of the subject consumer debt, record the current status of the disputed information, and delete the inaccurate information from Plaintiff's TransUnion credit file within 30 days of receiving notice of the disputes from TransUnion pursuant to 15 U.S.C. §1681i(a)(1).

50. Despite the blatantly obvious errors in Plaintiff's TransUnion credit file, and Plaintiff's efforts to correct the errors, Defendant did not correct the errors or trade line to report accurately. Instead, Defendant wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

51. A reasonable investigation by Defendant would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's TransUnion credit file.

52. Had Defendant taken steps to investigate Plaintiff's valid disputes or TransUnion's request for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

53. By deviating from the standards established by the debt collection industry and the FCRA, Defendant acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion.

WHEREFORE, Plaintiff, MELISSIA C. MATKIN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Defendant to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files and further restraining Defendant from continuing to report the subject accounts inaccurately;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 21, 2023                         Respectfully Submitted,

>  /s/ *Franklin A. Jara*
>  Franklin A. Jara, Esq.
>  Florida Bar No. 636681
>  *Counsel for Plaintiff*
>  Sulaiman Law Group, Ltd
>  2500 South Highland Avenue
>  Suite 200
>  Lombard, IL 60148
>  Telephone: (331) 272-8010
>  fjara@sulaimanlaw.com